IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GILMAR OSBALDO MARROQUIN VICENTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-1836 (LMB/WBP) |
| ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner Gilmar Osbaldo Marroquin Vicente ("Vicente"), a native and citizen of Guatemala, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since September 5, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates his due process rights (Count I) and the Immigration and Nationality Act ("INA") (Count II).

Vicente is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction. Vicente has sued Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; the Department of Homeland Security; and U.S. Immigration and Customs Enforcement ("respondents"). For the reasons discussed in this Order, the Court finds that Vicente is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as

to Count I, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

## I.

According to his Petition, Vicente has resided in the United States since 2009 and has three U.S. citizen children. [Dkt. No. 2] at ¶¶ 11–13. Vicente has steady employment and "no criminal charges." Id. ¶ 14. On September 5, 2025, Enforcement and Removal officers encountered Vicente and arrested him while he was "purchasing materials for work at a local Lowe's." Id.; [Dkt. No. 5-1] at ¶ 6. On September 7, 2025, Vicente was issued a Notice to Appear, which charged him with being inadmissible to the United States, and thus subject to removal, under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). [Dkt. No. 5-1] at ¶ 7. On September 25, 2025, Vicente filed a motion for custody redetermination, which the Immigration Judge denied for lack of jurisdiction. Id. ¶¶ 8, 11. On October 1, 2025, Vicente filed a Form EOIR 42-B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents, which is set for a hearing on December 10, 2025. Id. ¶¶ 10, 12.

Vicente filed his Petition for Writ of Habeas Corpus on October 27, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Vicente not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 2]. On October 29, 2025, Vicente filed a Proposed Release Plan, which shows a fixed home address in Capitol Heights, Maryland, where he will reside if released. [Dkt. No. 3]. Included in his Proposed Release Plan is a letter from Vicente's employer, stating that Vicente has "strong character, integrity, and commitment to [his] family, community and work." Id. Respondents have filed an

---

[1] Because the Court is granting relief on due process grounds, it need not address Vicente's claim for relief under the INA.

opposition. [Dkt. No. 5]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Vicente's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). Respondents contend that Vicente's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 5] at 5. According to respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 5–9. Therefore, they argue that because Vicente has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 9.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[2] is contrary to

---

[2] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-

3

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); see also Chaudhari v. Crawford et al., 1:25-cv-1772-

---

Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Vicente has been present in the United States since 2009. [Dkt. No. 1] at ¶ 12. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Vicente's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Vicente's continued detention is unlawful.

## III.

For all the reasons stated above, Vicente's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Vicente be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Vicente must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Vicente with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Vicente on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Vicente is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Vicente has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Vicente's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for November 7, 2025, and close this civil action.

Entered this 3rd day of November, 2025.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

6